# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

UNITED STATES OF AMERICA and )
STATE OF GEORGIA ex rel. )
CHAD WILLIS, )
                                   )
    Plaintiffs, )
                                   )
v. )    Case No. CV410-124
                                   )
SOUTHERNCARE, INC., )
                                   )
    Defendant. )

## **ORDER**

Before the Court is the parties' joint motion to extend the discovery deadlines in this *qui tam* action, which has been pending in this Court for over 5 years. Doc. 1 (complaint filed under seal May 18, 2010). The Court improvidently entered the parties' proposed order granting that motion on July 1, 2015. Doc. 121. It now vacates that Order and substitutes the following.

On December 5, 2014, the Court denied defendant's motion to stay discovery, doc. 101, and shortly thereafter entered a scheduling order that granted the parties' joint request for 9 months of discovery (calculated from the time the Court denied the motion to stay). Doc. 102 (entered December 22, 2014).

Some 6 months into the discovery period, the parties now jointly move for an *additional* 9 months of discovery, beyond the September 15, 2015 cut-off date specified in the Court's prior scheduling order. Doc. 113. They represent that this is a "complex case" involving a lot of documents, including medical records for "potentially" thousands of patients. *Id*. at 2. So far, however, apparently only "one deposition" has been taken. *Id*. The parties do not explain why they so profoundly underestimated the amount of time it would take to complete discovery when they prepared their initial Rule 26(f) report.

The Court appreciates that this is an exceptional case and that additional time for discovery is needed given the volume of the discovery and its sensitive nature. But the Court is not convinced that 18 months of steady, unremitting discovery is needed in this case. The parties certainly have not demonstrated that it is. Prolonged discovery is expensive, and it imposes costs not only upon the parties but also upon the judiciary, and the public that funds its operations. At some point, this litigation needs to come to an end, for otherwise the Court will fail in its duty of ensuring "the just, speedy, and inexpensive determination of [the] action." Federal Rule

of Civil Procedure 1. Accordingly, the Court will **GRANT** the parties some additional time but not as much as they are requesting.

The following deadlines are imposed.

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by PLAINTIFF | February 23, 2016 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by DEFENDANT | March 25, 2016 |
| JOINT STATUS REPORT DUE | April 3, 2016 |
| CLOSE OF DISCOVERY | April 24, 2016 |
| LAST DAY FOR FILING CIVIL MOTIONS, **INCLUDING *DAUBERT* MOTIONS but EXCLUDING MOTIONS IN LIMINE** [30 DAYS AFTER CLOSE OF DISCOVERY] | May 25, 2016 |

**These are firm deadlines, and no further extensions of discovery will be allowed in this case.** The parties shall quote the foregoing sentence in the first paragraph of any motion they file seeking such an extension.

**SO ORDERED** this 7TH day of July, 2015.

_____
UNITED STATES MAGISTRATE JUIDGE
SOUTHERN DISTRICT OF GEORGIA