IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
SEP -8 2015
CLERK_____
SO. DIST. OF GA

UNITED STATES OF AMERICA and )
STATE OF GEORGIA ex rel. )
CHAD WILLIS, )
)
    Plaintiffs-Relator, )
)
v. ) CASE NO. CV410-124
)
SOUTHERNCARE, INC., )
)
    Defendant. )
_____)

## O R D E R

Before the Court is Defendant's Motion to Dismiss Relator's Second Amended Complaint for Failure to Plead Fraud with Particularity (Doc. 93), to which Plaintiff has filed a response (Doc. 95). For the reasons stated below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Relator's claims with regard to seven patients whom were allegedly receiving care from Defendant for more than one year and six patients for whom Defendant allegedly falsified diagnoses are **DISMISSED**. Relator may proceed with his claims that relate to the fourteen other patients identified in the second amended complaint.

**BACKGROUND**

This case involves claims brought by the United States under the False Claims Act ("FCA"), 31 U.S.C. § 3729.[1] (Doc. 90 ¶¶ 54-74.) Relator, who is a former employee of Defendant,[2] filed a qui tam complaint under seal pursuant to 31 U.S.C. § 3730(b)(2) on May 18, 2010. (Doc. 1.) The original complaint alleged false claims and inducement under the FCA and Georgia Medicaid False Claims Act ("GMFCA"), as well as conspiracy to commit fraud and common law claims of suppression, fraud, and deceit. (Id. ¶¶ 23-50.) After receiving six extensions of time to make its decision, the United States notified the Court on February 4, 2013 that it was declining to intervene in this matter. (Doc. 31.) Subsequently, the Court ordered the complaint unsealed and served on Defendant. (Doc. 32.)

Defendant is a large provider of hospice care services operating throughout the southeast. (Doc. 90 ¶ 3.) Relator worked as a Community Relations Director—a type of sales position—for Defendant beginning in 2005 and ending September 9, 2010. (Id. ¶ 4.) While Relator was employed by

---

[1] For the purposes of Defendant's motions to dismiss, Relator's allegations set forth in its complaint will be taken as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009).
[2] Relator filed this action while apparently still employed by Defendant, but has since left the company. (Doc. 90 at 1.)

Defendant, Defendant entered into an agreement with the United States to settle a lawsuit alleging that Defendant had fraudulently submitted false claims during the period of January 1, 2000 to September 1, 2008 for hospice care patients who did not meet hospice eligibility criteria. Id. According to Relator, Defendant has since submitted further false claims to the Government. Id. In fact, Relator alleges, Defendant has pressured its staff with unrealistic sales targets and lucrative incentives to encourage the admission of patients who were actually ineligible for hospice care. (Id. ¶¶ 26-29.) Relator further alleges that Defendant received payment from the Government for the false claims submitted. (Id. ¶ 25.)

To support his allegations, Relator identifies a Government audit of twenty-nine patients who are or were receiving Defendant's hospice care, and for whom claims were submitted to and paid by the Government. Relator further alleges facts showing thirteen of the patients included in that audit were admitted to hospice care despite the lack of necessary physician referrals and certifications of terminal illness, or otherwise incomplete and incorrect documentation.[3] (Id. ¶¶ 30-43.) Relator also

---

[3] Before a Medicare patient may receive hospice care, his or her attending physician and the hospice care provider's

3

identifies, by their initials, seven patients whom are or were continuing to receive hospice services from Defendant for over one year. (Id. ¶ 45.) Relator also provides evidence of six patients whose recorded diagnoses were fraudulently altered by Defendant, and one example of Defendant allegedly drugging a patient so as to make her decline in health and falsely appear eligible for hospice care.[4] (Id. ¶¶ 46-49.)

On September 3, 2013, Relator filed an amended complaint dismissing his conspiracy and common law claims, but maintaining that Defendant violated the FCA and GMFCA. (Doc. 50 ¶¶ 46-67.) On September 29, 2014, this Court dismissed Relator's claims to the extent that they relied

---

medical director are required to each certify in writing at the beginning of the first ninety-day period "that the individual is terminally ill . . . based on the physician's or medical director's clinical judgment regarding the normal course of the individual's illness." 42 U.S.C. § 1395f(a)(7)(A)(i). At the beginning of a subsequent ninety or sixty-day period, the medical director or physician must recertify "that the individual is terminally ill based on such clinical judgment." 42 U.S.C. § 1395f(a)(7)(A)(ii). "Terminally ill" is defined as having a life expectancy of less than six months. 42 C.F.R. § 418.3.

[4] Relator also alleges facts concerning five patients who were allegedly legitimately eligible for Medicare or Medicaid coverage, but for whom Defendant improperly revoked services in an effort to avoid the high costs of their treatment. (Doc. 90 ¶ 50-52.) However, Relator does not reference these patients in his three counts under 31 U.S.C. § 3729 and they appear to have no impact on this case. Accordingly, the Court need not address the facts alleged regarding these patients.

4

on conduct occurring before September 1, 2008 and further found that Relator had failed to plead his fraud claims with particularity.[5] (Doc. 89.) While Relator's first amended complaint provided numerous facts concerning the type of fraudulent services Defendant allegedly provided patients, the Court held that Relator had failed to offer sufficient factual allegations demonstrating that Defendant actually submitted claims for these fraudulent services to the Government. (Id. at 32-33.) However, the Court granted Relator leave to amend his complaint in order to cure this deficiency. (Id. at 34-35.)

On October 13, 3014, Relator filed his second amended complaint, dropping one of his FCA claims as well as the GMFCA claim, but maintaining that Defendant submitted false claims to the Government, made false statements with regard to such false claims, and failed to reimburse the Government for money paid out on Defendant's false claims, all in violation of 31 U.S.C. § 3729. (Doc. 90.) Defendant then filed its current motion to dismiss, arguing that Relator's second amended complaint still fails to plead with particularity the submission of false claims to the

---

[5] In that same order, the Court also dismissed Defendant's counterclaim against Relator for breach of duty of loyalty. (Doc. 89 at 35-37.)

5

Government as required by Fed. R. Civ. P. 9(b). (Doc. 93.) Relator has filed a response in opposition. (Doc. 95.)

**ANALYSIS**

I. RULE 9(B) FRAUD PARTICULARITY STANDARD

The heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to causes of actions brought under the FCA. Hopper v. Solvay Pharm., Inc., 588 F.3d 1318, 1324 (11th Cir. 2009). Rule 9(b) states that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Despite the heightened standard, however, the purpose of Rule 9(b) remains that a complaint must provide the defendant with "enough information to formulate a defense to the charges." United States ex rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1313 n.24 (11th Cir. 2002). The Eleventh Circuit has emphasized that "[t]he application of Rule 9(b) . . . 'must not abrogate the concept of notice pleading.'" Tello v. Dean Witter Reynolds, Inc., 494 F.3d 956, 972 (11th Cir. 2007) (quoting Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001)). Furthermore, Rule 9(b)'s standard "should not be conflated with that used on a summary

6

judgment motion." United States ex rel. Rogers v. Azmat, 2011 WL 10935176, at *3 (S.D. Ga. May 17, 2011) (unpublished).

Rule 9(b) serves to ensure that a FCA claim has "some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the Government." Clausen, 290 F.3d at 1311. This is because "[t]he [FCA] does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." Id. As a result, a FCA complaint must plead not only the "who, what, where, when, and how of improper practices," but also the "who, what, where, when, and how of fraudulent submissions to the government." Corsello v. Lincare, Inc., 428 F.3d 1008, 1014 (11th Cir. 2005). The question of whether a complaint satisfies Rule 9(b) is decided on a case-by-case basis, but even detailed portrayals of fraudulent schemes followed by conclusions that false claims must have been submitted is insufficient. See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1358 (11th Cir. 2006).

## II. RELATOR'S COMPLAINT

In its motion, Defendant argues that Relator's second amended complaint fails to plead fraud with particularity because it does not sufficiently allege the submission of false claims to the Government (Doc. 91, Attach. 1 at 5.) In particular, Defendant contends that the facts alleged concerning Defendant's billing practices merely offer inferences that false claims were submitted. (Id., Attach. 1 at 9.) Furthermore, Defendant states that Relator has failed to identify with specificity any false claims that were submitted to the Government and has "offered no documents to support any of his [allegations]." (Id., Attach. 1 at 11.)

While not wholly without merit, however, the Court finds Defendants arguments persuasive only with respect to some of the patients for whom Relator alleges services were fraudulently billed to the Government. Although neither Defendant nor Relator discusses Relator's claims with regard to individual patients identified in the second amended complaint, the Court finds it necessary to do so. In the second amended complaint, Relator identifies seven patients whom allegedly received care from Defendant for over one year and states that such care was "being billed to Medicare and Medicaid." (Doc. 90 ¶ 45.) In addition,

8

Relator lists six patients for whom Defendants allegedly altered their diagnoses and "whose care has been falsely billed by [Defendant] to the United States." (Id. ¶ 46.) However, Relator fails to offer any additional facts to substantiate these conclusory allegations. As a result, the Court finds Relator has failed to plead his FCA claims with sufficient particularly as they pertain to these patients. See United States ex. rel. Keeler v. Eisai, Inc., 568 F. App'x 783, 797-98 (11th Cir. 2014) (conclusory statement that false claim was submitted insufficient to maintain FCA claim). Accordingly, Relator's claims stemming from these patients should be dismissed.

Despite Relator's pleading failures with regard to the patients described above, the Court finds Relator has nevertheless alleged sufficient facts to indicate the submission of false claims for other patients. First, Relator alleges that an audit conducted by the Government identified twenty-nine patients for whom Defendant submitted claims to the Government and was paid $350,000.00. (Doc. 90 ¶ 30.) With regard to these twenty-nine patients for whom the Government paid claims, Relator alleges in detail why Defendant's services for thirteen of them were ineligible for Medicare coverage. (Id. ¶¶ 31-43.) Relator also includes the specific dates for which

Defendant provided services to these patients. Id. With regard to a fourteenth patient, Relator provides the dates for which the patient was enrolled in Defendant's hospice care and alleges in detail how the services Defendant provided were ineligible for Medicare coverage and actually harmful to the patient. (Id. ¶¶ 47-49.) With respect to this patient, Relator also alleges that the patient's caretaker received a Medicare Explanation of Benefits form confirming that the United States paid Defendant for the allegedly unnecessary and harmful care. (Id. ¶ 49.)

The Court finds that Relator has met his pleading burden with regard to these fourteen patients. While it is true that Relator does not provide details of individual allegedly false claims by billing code or date, "there is no per se rule that a[] FCA complaint must provide exact billing data or attach a representative sample claim." United States ex. rel. Mastej v. Health Mgmt. Assocs., Inc., 591 F. App'x 693, 704 (11th Cir. 2014). Taken together, the facts alleged in the second amended complaint sufficiently indicate specific fraudulent services provided by defendant, when the services were provided, and further allege with particularity that Defendant submitted claims for such care that were then paid by the Government. As a result, the Court finds these factual averments provide all

the necessary indicia of reliability to satisfy the pleading requirements of Fed. R. Civ. P. 9(b) and sustain Relator's FCA claims. Accordingly, Defendant's motion to dismiss must be denied with regard to Relator's claims based on these fourteen patients.

## CONCLUSION

For the foregoing reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**. Relator's claims with regard to seven patients whom were allegedly receiving care from Defendant for more than one year and six patients for whom Defendant allegedly falsified diagnoses are **DISMISSED**. Relator may proceed with his claims that relate to the fourteen other patients identified in the second amended complaint.

SO ORDERED this 8th day of September 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA